IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL SEAN GAFFNEY, #759646 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv40 |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Paul Sean Gaffney, an inmate previously confined at the Telford Unit of the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Petitioner is in the custody of the Texas prison system pursuant to a Grayson County conviction for the offense of Murder, Cause No. 43217. On July 19, 1996, a jury found him guilty, and he was sentenced to sixty (60) years of imprisonment. He previously filed a petition for a writ of habeas corpus in this Court challenging the conviction, which was denied. *Gaffney v. Director, TDCJ-CID*, Civil Action No. 4:07cv161 (E.D. Tex. Dec. 10, 2008), *c.o.a. denied*, No. 09-40081 (5th Cir. Nov. 4, 2009). His response to question number fifteen acknowledges that his judgment includes an affirmative finding that he used or exhibited a deadly weapon during the commission of the offense, which makes him ineligible for release on mandatory supervision.

The present petition does not, however, concern Petitioner's conviction; instead, it concerns a prison disciplinary case for assault without a deadly weapon in Case Number 20150223580. He was found guilty on April 16, 2015. His punishment included the loss of 90 days of good time, 45 days

1

cell restrictions, 45 days recreation restrictions, 45 days commissary restrictions, a reduction in classification from S3 to Line Class 1, and 30 days OTS. He argues that he is entitled to federal habeas corpus relief because he was denied due process, denied effective assistance of counsel substitute, denied the right to present witnesses and denied the right to a fair and impartial disciplinary hearing officer.

The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time or the imposition of solitary confinement. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Court held that inmates must be afforded written notice of the claimed violation at least twenty-hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

The Supreme Court subsequently placed severe limitations on challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court concluded that the federal judiciary had gone too far in extending due process rights as first articulated in *Wolff v. McDonnell*. The Court retreated from its earlier conclusion that due process rights must be accorded to inmates before placing them in solitary confinement. *Id.* at 485. The Court referred to its discussion in *Wolff* regarding solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. The Court concluded that Conner did not have a "protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." *Id.*

at 487. Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger the protection of the Constitution. *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection of the Constitution. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The loss of good time will not support relief to the extent that it adversely affects parole eligibility. *Sandin*, 515 U.S. at 487. However, the loss of good time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker*, 104 F.3d at 769.

In the present case, Petitioner is ineligible for release on mandatory supervision. As such, the punishment he received in the disciplinary case did not involve a protected liberty interest. Due to the absence of a protected liberty interest, Petitioner may not obtain federal habeas corpus relief. The petition should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best

position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). A certificate of appealability should be denied.

## Recommendation

It is recommended that the above-styled petition for writ of habeas corpus be denied and the case dismissed with prejudice. A certificate of appealability should be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28

U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of January, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE